UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
KAESONG CORP. d/b/a FEEL HEALTH
BEAUTY SUPPLY, INC.,

      Plaintiff,    MEMORANDUM AND ORDER
               07 CV 2897 (ILG)
 -against-

UNITED NATIONAL SPECIALTY
INSURANCE COMPANY,

      Defendant.
-------------------------------------------------x

GLASSER, United States Senior District Judge:

## INTRODUCTION

  Defendant United National Specialty Insurance Company ("United") seeks a declaratory judgment that it does not owe plaintiff Kaesong Corporation ("Kaesong") a duty to defend and indemnify it in connection with an underlying suit. The motion has been brought before this Court pursuant to Federal Rule of Civil Procedure 56. For the reasons explained below, the Court grants United's motion.

## BACKGROUND

  Kaesong operates a beauty supply store located at 370 Fulton Street in Brooklyn, New York. See United Rule 56.1 Statement of Undisputed Facts ("United 56.1"), dated March 4, 2008, ¶ 3. United issued a general liability insurance policy (the "Policy") to Kaesong covering the time period between August 29, 2005, to August 29, 2006. See id. ¶ 1. The Policy required Kaesong to notify United of any "occurrence . . . which may result in a claim" "as soon as practicable." Id. ¶ 2; Affidavit of Robert Charles ("Charles Aff."), dated February 26, 2008, Ex. A. at CG00010196, § IV ¶ 2.

1

On August 10, 2006, Veronica McKenzie ("McKenzie"), a patron at Kaesong, fell down a flight of stairs located in the store. Id. ¶ 3. That same day, the store manager prepared a written report of the incident in Korean and had it translated into English by another store employee. Id. ¶¶ 4-5. The report states that a woman fell on her wrist and hit her head while in Kaesong's store, two employees assisted the woman following the fall, and that she was taken by ambulance to Long Island College Hospital. Id. ¶¶ 6-8; Kaesong Rule 56.1 Statement of Undisputed Facts ("Kaesong 56.1"), Ex. A. The report also states that the woman told the employees that she "lost her balance." Id. The report was forwarded to Kaesong's corporate offices in August, 2006. United 56.1 ¶ 9.

On December 19, 2006, McKenzie filed a personal injury action against Kaesong in the New York State Supreme Court in Kings County, alleging that Kaesong was negligent in failing to provide sufficient bannister holds on its stairwell and constructing the stairwell in a hazardous manner. Id. ¶¶ 10-11; Charles Aff., Ex. B. On January 8, 2007, Kaesong alerted United of the action by forwarding a notice of occurrence and claim pursuant to the Policy. United 56.1 ¶ 12; Kaesong 56.1, Ex. B. On January 18, 2007, United disclaimed coverage based on Kaesong's alleged failure to provide timely notice of the occurrence. United 56.1 ¶ 13; Charles Aff., Ex. C.

Kaesong commenced this action against United in the New York State Supreme Court in Kings County, seeking an order directing United to defend and indemnify it in the action brought by McKenzie. United 56.1 ¶ 15. United removed the action to this Court based on diversity. Id. ¶ 16.

# DISCUSSION

## A. Standard of Review

Summary judgment is appropriate when there are "no genuine issues as to any material fact[s] and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56 (c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986). A genuine issue exists if a reasonable jury could find in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden to demonstrate that no genuine issue of material fact exists, and the Court must draw all reasonable inferences in favor of the non-moving party. Id. at 255. The non-moving party "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998); see Ostensen v. Suffolk County, 05 CV 4456, 2007 U.S. App. LEXIS 12183, at *2 (2d Cir. May 23, 2007) ("[I]n opposing a motion for summary judgment, the non-moving party may not rely on conclusory allegations or unsubstantiated speculation.").

The Court's role in a motion for summary judgment is one of "issue-finding," not "issue-resolution." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

### B.    Duty to Report Occurrence As Soon As Practicable

Under New York law, an insurer's duty to indemnify arises under the insurance contract.  Jakobson Shipyard, Inc. v. Aetna Cas. & Sur. Co., 961 F.2d 387, 389 (2d Cir. 1992).  The Policy here covered liability arising from bodily injury for which Kaesong would be liable to third parties.  It required that the injury be caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  Charles Aff., Ex. A. at CG00010196, § V ¶ 12.  McKenzie's fall down Kaesong's stairwell constitutes an "occurrence" under the Policy.

Nevertheless, Kaesong is without recourse because it did not comply with a condition precedent to the Policy – that it inform United of any occurrence "as soon as practicable."  Id. at CG00010196, § IV ¶ 2.  "Under New York law, compliance with a notice-of-occurrence provision in an insurance policy is a condition precedent to an insurer's liability under the policy."  State of N.Y. v. Blank, 27 F.3d 783, 793 (2d Cir. 1994) (quotation omitted).  Late notice is a complete defense to liability whether or not the insurance company was prejudiced by the delay.  Amer. Home Assurance Co. v. Int'l Ins. Co., 90 N.Y.2d 433, 440 (1997).  Notification provisions are important for several reasons:

> They enable insurers to make a timely investigation of relevant events and exercise early control over a claim.  Early control may lead to a settlement before litigation and enable insurers to take steps to eliminate the risk of similar occurrences in the future.  When insurers have timely notice of relevant occurrences, they can establish more accurate renewal premiums and maintain adequate reserves.

Blank, 27 F.3d at 794 (quotation omitted).  Implementation of these policies requires

that notice be given within a reasonable time under all the circumstances.  See Sec. Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 441 (1972).

The obligation to provide notice is triggered when the "circumstances known to the insured at the time would have suggested to a reasonable person the possibility of a claim."  Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc., 822 F.2d 267, 272 (2d Cir. 1987).  Whether notice is given within a reasonable time may be determined as a matter of law when:  "(1) the facts bearing on the delay in providing notice are not in dispute and (2) the insured has not offered a valid excuse for the delay."  Blank, 27 F.3d at 795.  An insured's good faith belief in its nonliability may excuse a failure to give timely notice if the belief is reasonable under all the circumstances.  U.S. Underwriters Ins. Co. v. A & D Maja Constr., Inc., 160 F. Supp. 2d 565, 569 (S.D.N.Y. 2001).  The insured bears the burden of demonstrating the reasonableness of its belief.  White v. City of N.Y., 81 N.Y.2d 955, 957 (1993).  However, where a "reasonable person could envision liability, that person has a duty to make some inquiry."  Id. at 958.

The facts bearing on the delay in providing notification are not in dispute. Kaesong did not inform United of the accident in its store until nearly five months later when it notified United of the action filed by McKenzie.  Five months is an unreasonable amount of time to delay notification to an insurer of a potential claim.  See Blank, 27 F.3d at 796 ("[C]ourts have routinely found periods of delay less than ten months to be unreasonable."); In re Temple Constr. Corp., 40 A.D.3d 1109, 1111 (2d Dep't 2007) (finding five month delay unreasonable).  Absent a valid excuse, failure to satisfy the notice requirement vitiates the insurance policy.  Blank, 27 F.3d at 793-94.

Kaesong maintains that its delay should be excused by its good faith belief in its

5

nonliability. The basis for this belief arises from McKenzie's statement to Kaesong's employees that she "lost her balance," indicating to Kaesong that McKenzie was solely responsible for the accident. Charles Aff., Ex. B. However, the "duty to give notice arises when, from the information available relative to the accident, an insured could glean a reasonable possibility of the policy's involvement." Paramount Ins. Co. v. Rosedale Gardens, Inc., 293 A.D.2d 235, 239-40 (1st Dep't 2002). The reasonableness of the belief does not turn on "whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him." SSBSS Realty Corp. Pub. Serv. Mutual Ins. Co., 253 A.D.2d 583, 584 (1st Dep't 1998).

It is evident that Kaesong was fully aware of the accident, as well as the severity of McKenzie's injuries. Several Kaesong employees assisted McKenzie following her fall, and the store manager wrote a contemporaneous report indicating that McKenzie had to be taken to the hospital via ambulance, which report was forwarded to Kaesong's corporate offices soon thereafter. New York courts have consistently found that knowledge that an injured person had to be taken from a store's premises by ambulance should indicate a reasonable possibility that an insurance policy might be implicated by that accident. See York Specialty Food, Inc. v. Tower Ins. Co. of N.Y., 47 A.D.3d 589, 590 (1st Dep't 2008) (finding no good faith excuse where "[h]ad plaintiff's president questioned his employees, some of whom had witnessed the accident, he would have learned that the claimant, after falling in front of the premises, had been taken away in an ambulance."); Paramount Ins. Co., 293 A.D.2d at 241 ("In the instant matter, it is beyond dispute that Persaud . . . knew of the accident and that Mr. Escobar had been

6

taken by ambulance to the hospital. The latter circumstance is a significant factor in determining the reasonableness of any delay in giving notice."); SSBSS Realty Corp., 253 A.D.2d at 583 (finding owner and operator of a diner unreasonable in failing to give notice of woman's fall on raised slab of flagstone outside of diner after manager reported to him that the woman had been taken away in an ambulance). The fact that McKenzie suffered injuries in Kaesong's store that required immediate medical attention should have triggered a response from Kaesong to at a minimum investigate the incident and contact its insurer. However, the record is silent as to any attempts made by Kaesong to investigate its potential liability relating to the maintenance of its stairwell. See York Specialty Food, Inc., 47 A.D.3d at 590 ("Where a reasonable person could envision liability, that person has a duty to make some inquiry as to potential liability. Although a good-faith belief in non-liability may excuse the failure to give timely notice, there is no indication that plaintiff ever took any action to ascertain the possibility of its liability to the claimant's accident." (internal citations omitted)).

Because Kaesong has not submitted any evidence of further inquiry into its potential liability, this Court cannot accept its claim that it had a reasonable belief in its nonliability. The delay of nearly five months before Kaesong notified United of the occurrence cannot be excused. Therefore, this Court finds as a matter of law that, in failing to timely file a notice of occurrence, Kaesong failed to fulfill a condition precedent to the Policy, and United is accordingly not required to indemnify or defend Kaesong in the underlying action brought against it.

7

## CONCLUSION

For the foregoing reasons, United's motion for summary judgment is GRANTED.

The Clerk of Court is hereby directed to enter judgment in its favor.

SO ORDERED.

Dated:  Brooklyn, New York
        April 24, 2008

_____/s/_____
I. Leo Glasser
United States Senior District Judge


Copies of the foregoing memorandum and order were electronically sent to:


Counsel for Plaintiff:

Michael D. Robb, Esq.
Kim & Cha LLP
158-14 Northern Blvd., Suite UL-7A
Flushing, NY 11358


Counsel for Defendant:

Michael Anthony Miranda, Esq.
Miranda Sokoloff Sambursky Slone Verveniotis LLP
240 Mineola Blvd.
Mineola, NY 11501